OPINION
{¶ 1} James Blackburn is appealing from a judgment entered against him personally in the amount of $1,165.00 which had been paid on April 12, 2002, by plaintiff, Auto Tech, as a deposit for a purchase of carpet.
 {¶ 2} Appellee, Auto Tech, filed no brief in this appeal and, therefore, "in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." App.R. 18(C).
 {¶ 3} Pursuant to the above rule, such facts that are recited herein are taken from appellant's brief, but are also supported in full by a transcript of the hearing. Auto Tech brought a small claims suit against James Blackburn dba Carpet Stop, Inc. for a $1,165.00 deposit. The case was heard by the court in a bench trial where neither Auto Tech nor the corporation Carpet Stop, Inc. were represented by counsel, but James Blackburn was represented by counsel. The Municipal Court of Xenia, Greene County, Ohio, found against James Blackburn personally, and it is that decision from which he appeals.
 {¶ 4} James Blackburn was president of Carpet Stop Mill Outlet, Inc. for over twenty-five years. All those years he was in a location at Xenia, Greene County, Ohio. His business fell victim to the ever-growing consolidation in the carpet industry. As of June 28, 2002, Carpet Stop, Inc. was insolvent, and all of the property of Carpet Stop, Inc. was seized by Mohawk Carpets, its major creditor. The appellant brings the following two assignments of error:
 {¶ 5} "1. The trial court erred to the prejudice of the appellant in that its decision is against the manifest weight of the evidence.
 {¶ 6} "2. The trial court abused its discretion and acted in an unreasonable, arbitrary and unconscionable manner in conducting direct and cross-examination on behalf of the Pro S.E. plaintiff and in reaching a decision which was not supported by the facts before it, but gleaned from the court's faulty recollection of a separate, earlier case."
 {¶ 7} The sole issue on appeal is whether the trial court committed error in piercing the corporate veil and finding shareholder Blackburn personally liable. The plaintiff is a partnership and was represented at the bench trial by its two partners, Mr. and Mrs. Louderback, who admitted that they understood that they were dealing with a corporation when they gave their money to Carpet Stop. (Tr. 12).
 {¶ 8} The leading case in Ohio on the elements necessary to be found in order to pierce the corporate veil is Belvedere Condominium UnitOwners' Assn. v. R. E. Roark Cos., Inc. (1993), 67 Ohio St.3d 274, where the court held: "The corporate form may be disregarded and individual shareholders held liable for wrongs committed by the corporation when (1) control over the corporation by those to be held liable was so complete that the corporation has no separate mind, will, or existence of its own, (2) control over the corporation by those to be held liable was exercised in such a manner as to commit fraud or an illegal act against the person seeking to disregard the corporate entity, and (3) injury or unjust loss resulted to the plaintiff from such control and wrong." (Syllabus 3).
 {¶ 9} The burden of proving that the corporate veil should be pierced lies with the party seeking to hold individual shareholders liable. Zimmerman v. Eagle Mtge. Corp. (1996), 110 Ohio App.3d 762, 772.
 {¶ 10} In the case sub judice, there was no attempt made by the plaintiff partnership owners to elicit any evidence in support of any of the three criteria set forth by the Supreme Court of Ohio in Belvedere. The trial court merely made a summary conclusion that it was unfair to the plaintiff to hold the corporation responsible and not Mr. Blackburn personally. (Tr. 15-16). Not only appellant's brief, but the entire record supports the conclusion that no facts were elicited that would support piercing the corporate veil under the rules set forth by the Ohio Supreme Court in Belvedere. Pursuant to App.R. 18(C), we find that not only the appellant's brief, but the transcript of the entire hearing, "reasonably appears to sustain" a reversal.
 {¶ 11} The judgment is, therefore, reversed, and the "judgment for Plaintiff and against Defendant in the amount of $1,165.00 plus interest at 10% per annum and costs" (Doc. 5) is vacated.
FAIN, P.J. and GRADY, J., concur.